## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA        :

       v.        :     CRIMINAL NO. JKB-13-0607

CHARLES RILEY, JR, *et al.*        :

       Defendants        :

\*   \*   \*   \*   ooo0ooo   \*   \*   \*   \*

## DEFENDANT RILEY'S MOTION TO SUPRESS
## EVIDENCE FROM WIRE, ORAL AND ELECTRONIC COMMUNICATIONS

The Defendant, Charles Riley Jr., by his attorneys, Stuart O. Simms and Trevor H. Coe of Brown, Goldstein & Levy, LLP, hereby submits this Motion to Suppress Evidence from Wire, Oral and Electronic Communications and any and all oral and text message evidence derived from them to and from the following telephone numbers of Royce Brown: (A) 443-365-7836; (B) 410-251-0682; and (C) 443-523-9464 and the telephone numbers: 410-251-9767 and 917-485-3231. The defendant, through counsel requests a hearing on the Motion.  As reasons in support of the Motion, counsels for Mr. Riley state the following:

### Background

Mr. Riley is charged in three of the four counts of the indictment in this matter. He is charged with one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of a substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 846(a)(1); one count of possession with intent to distribute of 500 grams or more of a quantity of a substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1); and one count of possession with

intent to distribute 5 kilograms or more of a quantity of a substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1).

According to proffers offered by the government at various detention hearings and discovery provided to defense counsel through March 3, 2014, the investigation that led to the indictment in this matter arose from a joint state and federal investigation of the U.S. Drug Enforcement Administration (DEA) and state and local offices of the Wicomico County Narcotics Task Force. In 2013, law enforcement agents assigned to this investigation entitled operation "Rolled Royce" prepared and submitted several affidavits to a state judge for interception of communications from telephones used by Royce Brown.

An initial affidavit seeking authorization under section 10-408 of the Courts Article of the State of Maryland to intercept wire and electronic communication by DEA Agent Cereo; and Detectives Pauley and Pizzaia of the Wicomico County Narcotics Task Force was submitted on July 11, 2013.[1] That affidavit sought authorization to intercept communications to and from telephone numbers 443-365-7836 and 410-251-0682 utilized by Royce Brown a defendant in the present case. In paragraphs 29 through 32, the affiants extensively discuss the subjects of the investigation and subsequently discuss the investigative techniques to be used for the targeted phones (paragraphs 34-38). The July 11, 2013, affidavit contains no reference to Charles Riley, Jr. However, in paragraph 110 there is a reference to phone number 410-251-9767 and an unidentified person and a text message of June 14, 2013. The specific message contains a statement by Brown that: "Got a check fo u dis Am. U gonna be able 2 pick it up when im ready?" In response to an apparent approval by the unknown caller, Brown: texts: "41

---

[1] Affidavit Attached as Exhibit 1.

percent down payment on da car."[2] The law enforcement agents translate the preceding exchange as statements concerning a payment Brown recently made to the unidentified person.[3] There is no delineation in the remainder of the Affidavit concerning this "fronting" theory in the analysis of the text exchange in paragraph 110-111 or the manner of delivery of the drugs or the money for the drugs. There is nothing in the surveillance section of the affidavit that corroborates the "fronting "theory espoused earlier in the document.[4]

As a result of Royce Brown's alleged use of multiple telephones, the same affiants for the July 11, 2013, affidavit submitted a subsequent affidavit in support of state authorization to intercept wire and electronic communications concerning an additional Royce Brown phone on August 12, 2013.[5] In the second affidavit, the law enforcement agents sought wire and electronic communications related to phone number 443-523-9464 of Royce Brown. Amid the conclusions from the toll telephone analysis by the law enforcement officers is that Charles Riley—on the basis of multiple toll calls between August 2, 2013 and August 6, 2013 "is a cocaine source of supply for Brown."[6] There is no other corroborating information for that conclusion. Subsequent sections of the August 12, 2013 affidavit detail surveillance of Royce Brown and his apparent surreptitious stop at an address in Sharptown, Maryland and Charles Riley's separate but subsequent stop that same day at the same residence less than an hour later.  But there is no direct evidence of "fronting" or an exchange of funds.

## Argument

The defense submits that the evidence obtained from the wiretap should be suppressed because it failed to establish necessity because the affidavit did not adequately establish that normal investigative

---

[2] See, Exhibit 1, paragraph 110.
[3] See, Exhibit 1, paragraph 111.
[4] See, Exhibit 1, paragraphs 151-172.
[5] See, Exhibit 2.
[6] See Exhibit 2, paragraph 50.

procedures had been adequately utilized and was based on inaccurate and conclusory interpretations of communications.

   A.  Riley has Requisite Standing

The United States Supreme Court has determined that "any aggrieved person" who was a "party to any intercepted, wire, oral or electronic communication" has standing to challenge the legality of a wiretap. *Alderman v. United States*, 394 U.S. 165, 175-176, n. 9 (1969).  As a user of a telephone device communicating with another person by telephone, Charles Riley had a reasonable expectation of privacy in communications with other individuals and is entitled to challenge the interception of conversations and text exchanges obtained by law enforcement officers during the electronic surveillance on the three Royce Brown telephones.

   B.  Necessity Not Demonstrated By the Government

To obtain a wiretap, the government is obligated to overcome the statutory presumption against the invasive investigative technique electronic surveillance by proving necessity. *United States v. Giordano*, 416 U.S. 505, 515 (1974). The government must establish necessity for a wiretap by any of three methods, including a demonstration that investigative procedures either: (1) have been tried and failed; (2) reasonably appear unlikely to succeed; or (3) are too dangerous to attempt. See, *United States v. Smith*, 31 F. 3d 1294, 1298 n.2 (4th Cir 1994).

The July 11, 2012 affidavit, Exhibit 1 provides scan information and almost no detail concerning the pursuit of normal investigative procedures.[7] In fact, paragraph 138 consists more of a complaint by law enforcement that the scope of the "Brown Organization" without adequately defining the landscape of the organization and generally speculating that law enforcement will not be successful in the

---

[7] See paragraphs 136-138.

investigation other than utilizing electronic surveillance. With regard to cooperating individuals, specifically CS1 and CS2 there is no statement concerning attempts to utilize those individuals in other ways and no indication of whether a sufficient investment of time and resources would enable those cooperating individuals to provide additional information that would further the investigation.

Notwithstanding Brown's evasive driving and counter surveillance techniques, the affiants in the July 12, 2013 affidavit were able to successfully use surveillance over a two month period to identify locations that Royce Brown frequented and corroborate some of those locations through the use of cooperating individuals. The conclusion by the affidavits that surveillance would not further the investigation was premature.

Finally, the conclusion in the first affidavit of July 12, 2013, that Royce Brown was "fronted" drugs is the result of a strained interpretation by law enforcement agents of a text message. As such, the analysis was incomplete and conclusory and lacked any source of corroboration. That analysis was reckless and misleading and became a working premise for the first affidavit. Moreover, the concept tainted the analysis in the subsequent affidavit in which law enforcement officers theorized that mere telephonic contact rendered Charles Riley a supplier of Royce Brown. Because of the conclusory nature of the analysis and because of the reckless interpretation of the text information, the evidence obtained from the electronic surveillance as a result of both affidavits in this matter should be suppressed.

WHEREFORE, for the foregoing reasons, Defendant Charles Riley, Jr. respectfully requests that this Court grant Defendant Riley's Motion to Suppress Evidence from Wire, Oral and Electronic Communications and respectfully requests a hearing concerning this request.

Respectfully submitted,


  /s/
Stuart O. Simms, Fed. Bar No. 27090
Trevor H. Coe, Fed. Bar. No. 29429
BROWN, GOLDSTEIN & LEVY
120 E. Baltimore Street, Suite 1700
Baltimore, Maryland 21202-6701
Phone:  (410) 962-1030
Fax:  (410) 385-0869
sos@browngold.com
tcoe@browngold.com

*Counsels for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 5th day of March, 2014, a copy of the foregoing Defendant

Riley's Motion to Suppress Evidence from Wire, Oral and Electronic Communications was

electronically filed with the Clerk of the U.S. District Court of Maryland via CM/ECF with notice to all

counsel.

                                          /s/

                                          Stuart O. Simms